UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

IN RE:

APPLICATION OF INTERNATIONAL MINERAL RESOURCES B.V. FOR AN ORDER TO TAKE DISCOVERY PURSUANT TO 28 U.S.C. § 1782

Applicant.

Case No. 1:15-mc-244

### DECLARATION OF ROBBERT DE BREE

Pursuant to 28 U.S.C. § 1746, I, Robbert de Bree, declare under penalty of perjury as follows:

1. I am an attorney licensed to practice in the Netherlands. I am a Partner of the law firm Wladimiroff Advocaten N.V. I represent International Mineral Resources B.V. ("IMR") in a proceeding currently pending in the Netherlands, for these purposes captioned *EuroChem Volga-Kaily LLC v. International Mineral Resources B.V.* with case number C/13/539097 (the "Dutch Action").

2. I submit this Declaration in support of the Application for an Order under 28 U.S.C. § 1782 Permitting IMR to Take Discovery from Scott Horton.

3. I am familiar with the facts set forth in this Declaration, either from personal knowledge or on the basis of documents that have been provided to me. Insofar as they are within my own knowledge, the facts and matters testified to are true to the best of my own knowledge and belief. Because this Declaration is being submitted for a specific legal purpose,

the information provided in the Declaration does not include every single fact that I know that may be pertinent to this subject matter.

4. From 2007 to 2011, EuroChem Volga-Kaliy LLC ("ECVK") worked with Shaft Sinkers (Proprietary) Limited ("Shaft Sinkers") on a mining project in Russia. In 2012, the business relationship broke down, and ECVK filed two arbitration proceedings against Shaft Sinkers, seeking more than USD $1 billion in damages for misconduct that allegedly took place in connection with the mining project.

5. In addition, on March 25, 2013, ECVK commenced litigation against IMR in the Netherlands, claiming that IMR should be held liable for Shaft Sinkers's actions. A true and correct copy of an English translation of ECVK's Writ in the Dutch Action, dated 25 March 2013, is attached as Exhibit A.

6. On June 25, 2014, the Dutch court rejected ECVK's theories of liability, found that ECVK's factual assertions were unsubstantiated, and entered a judgment in favor of IMR. A true and correct copy of an English translation of the Dutch court's judgment, dated 25 June 2014, is attached as Exhibit B.

7. ECVK filed a formal notice of appeal on September 18, 2014, and filed its primary appellate submission on March 17, 2105.

8. IMR filed its primary defense submission for the appeal on June 23, 2015. As part of that submission, IMR included materials that were gathered pursuant to Section 1782. The Dutch Court of Appeal is likely to set a hearing date for the appeal later this year or early next year.

9. Unlike in the United States, every Dutch District Court decision is reviewed *de novo* by the Dutch Court of Appeal, and new evidence and witness statements may be presented.

Any new material presented during an appeal should be filed well in advance of the hearing date, if possible.

10. Litigants in the Netherlands owe a duty of "full and frank disclosure." Parties to Dutch litigation also must comport themselves in a fair and equitable manner in connection with the conduct of the litigation (the rule of "fair play"). Dutch courts have broad discretion to remedy violations of the duties of full and frank disclosure and of fair play, including by dismissing entire claims in extreme cases of misconduct.

11. IMR seeks discovery from Mr. Horton because it is relevant to assess whether ECVK engaged in inequitable conduct.

12. IMR is contemplating the initiation of a new action against ECVK in the Netherlands based on ECVK's unlawful hacking of IMR's computer systems (the "Contemplated Dutch Proceedings").

13. Under Dutch law, the requirements for such an action are (i) that an unlawful act was committed, (ii) which is attributable to the person who has committed it, (iii) whereby the subject of the act has suffered loss (which loss therefore must have a causal link with the act). An unlawful act can come in many factual shapes and forms, but must consist of a breach of a right or acting in breach of a legal duty or contrary to the public order and/or public morality, or acting in breach of a duty imposed by an unwritten rule of law in relation to proper social conduct.

14. In the Contemplated Dutch Proceedings, IMR would seek damages on the ground that ECVK unlawfully hacked into IMR's computer systems in breach of IMR's privacy rights, and disseminated the hacked information to the detriment of IMR in the Dutch Action.

15.     The Dutch Court of Appeal's acceptance of 1782 material is consistent with the practice of other Dutch courts, which have expressed their willingness to admit evidence obtained through the Section 1782 discovery process. For example, in *Convex cs. v. Duizendstraal cs.*, the Dutch District Court held that parties to Dutch proceedings are free to use an "informal judicial method," such as Section 1782, to gather evidence. *Convex cs. v. Duizendstraal cs.*, President District Court Utrecht, 9 April 1996, KG 1996/158. The decision of the Utrecht District Court was subsequently upheld by the Amsterdam Court of Appeals (*Hof*). *Convex cs. v. Duizendstraal cs.*, Court of Appeals (*Hof*) Amsterdam, 24 October 1996, NIPR 1997/120.

16.     Likewise, in *Alfred Mol v. Kinetics Technology International B.V.*, the Dutch Supreme Court (*Hoge Raad*) held that evidence obtained via Section 1782 may be used in proceedings before the national courts. *Alfred Mol v. Kinetics Technology International B.V.*, Supreme Court (*Hoge Raad*), 6 February 1998, NJ 1999, 479.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed in The Hague, on this 4th day of August, 2015.

           _____
                      Robbert de Bree